## QUESTIONS IN APPROPRIATION PROCEEDINGS.

[Circuit Court of Wood County.]

### WEBB C. HAYES ET AL, TRUSTEES, v. TOLEDO RAILWAY & TERMINAL CO.*

Decided, April, 1903.

*Railway—Designation of Route of—In Articles of Incorporation—Eminent Domain—Damages to Property Owner—From Increased Danger of Fire—Charge of Court.*

1. The corporation laws of Ohio require that the names of counties be set forth through which a proposed railway is to be extended, but do not require that the townships be named; and hence where townships are named it is mere surplusage, and the company is not thereby prevented from extending the road into other townships located in the counties which are named in the articles.

2. Danger from fire arising from the operation of the road, to buildings, fences, timber, etc., situated on the remaining portion of a tract of land appropriated by a railroad company, is to the extent the property is thereby depreciated a proper element of damages to be considered by the jury in awarding compensation, and a charge which eliminates this element from the consideration of the jury is improper, notwithstanding the liability of the company for such losses.

3. The value of existing crops, or of crops which may be raised upon the land in the future, or of other property which may be placed thereon, can not be considered by the jury in arriving at its award.

PARKER, J., (orally); HAYNES, J., concurs; HULL, J., not sitting.

This case is brought to obtain a reversal of a judgment of the probate court in Wood county in a proceeding for the appropriation of private property for the railway company, and also for a reversal of a judgment of the court of common pleas affirming the aforesaid judgment of the probate court. The proceeding in the probate court was by the railway company as plaintiff against a great many defendants, including these plaintiffs in error, for the appropriation of various tracts of land owned by the different defendants respectively. The part of the

* Affirmed by the Supreme Court without report, 1 O. L. R., 866 (70 Ohio State, 425).

282    CIRCUIT COURT REPORTS—NEW SERIES.

Hayes et al, Trustees, v. Toledo R. & T. Co. [Vol. VI, N. S.

proceeding in which the plaintiffs in error were and are interested is that with respect to the parcel described in the petition as "parcel No. 8." The preliminary hearing was had and the case afterwards went to trial upon an inquiry to determine the amount of compensation and damages to be awarded, which resulted in a verdict for plaintiffs in error for $250 compensation for the part taken, and $100 damages to the remainder of the tract.

It is contended on behalf of the plaintiffs in error that there is error in this judgment and the proceedings of the probate court in this: That the petition (and perhaps the bill of exceptions which was taken upon the preliminary hearing) discloses that the plaintiff in that court, the railway company, was not authorized by law to proceed to appropriate the land in question, which is located in Lake township, Wood county, Ohio. That in this proceeding they were exceeding the authority vested in them by the articles of incorporation issued to them by the state; that their act, in other words, was *ultra vires;* and this contention is based upon the fact that the articles of incorporation set forth that the termini and route of the railway which this company is authorized to construct and operate are as follows:

"The northerly terminus, being a point at or near where La Piere street, in the city of Toledo, Lucas county, Ohio, intersects the Maumee river, and the southerly terminus, being a point at or near where the northerly boundary line of the town of Maumee, in said county, intersects said Maumee river; said railway extending from its northerly terminus in a westerly and southerly direction to the northerly boundary line of the city of Toledo, and thence in a westerly and southerly direction through Washington and Adams townships and the town of Maumee in said Lucas county, Ohio, to its southerly terminus; thence in an easterly direction across the Maumee river, and thence northerly through the townships of Perrysburg and Ross, in Wood county, Ohio, and through Oregon township and the city of Toledo, in said Lucas county, Ohio; thence in a westerly direction across said Maumee river to the northerly terminus."

It will be observed that the course marked out for this railway in Wood county is through the townships of Perrysburg and

Ross only, that is to say, no other townships are mentioned, whereas the lands in question of the plaintiff in error are in Lake township in said county.

The statute does not require that the township through which a railway is to be extended shall be set forth in the articles of incorporation, but it does require that the counties through which the railway is to be extended shall be mentioned. Counsel for plaintiffs in error urge that since the railway company has seen fit to have these articles of incorporation so framed as to describe the townships through which it is to pass, it is thereby limited and circumscribed with respect to the county in which such townships are situated; that is. to say, it may not extend its railway to any point in such county outside of the townships mentioned; that the rule *"expressio unius est exclusio alterius"* should prevail and be applied. But we are of the opinion that this rule has no application to a case of this character, and that the mention of the townships being unnecessary, not being required by statute, and not serving, as we can see, any good or useful or proper purpose, should be treated as surplusage merely —wholly immaterial and harmless.

We come now to the next proposition urged against this judgment by counsel for plaintiffs in error, and this goes directly to the merits of the controversy. It is urged that the court erred in its charge to the jury with respect to the rules to be applied in the allowance of damages. The charge of the court is very brief, and upon the question in controversy there is but a single paragraph. I need not read the whole charge, but will read this paragraph:

"The jury are instructed that the law of Ohio provides that a railroad company must pay to the person whose property is destroyed by fire caused by the operation of a railroad, the damage thereby. sustained, and in determining whether or not the remainder of the lands are rendered less valuable by the construction and operation of the proposed railroad, the jury have no right to include, as an element, the value of any property liable to be destroyed by fire by the operation of the railroad."

There is nothing else in the charge referring to that subject. The general rule governing what may be taken into considera-

tion with respect to possible fires communicated from locomotives or otherwise in the operation of a railroad—what may be taken into consideration as a diminution of the value of the remaining property—is stated in 2 Lewis, Em. Dom. (4th Ed.), Section 497, as follows:

"When a part of a tract is taken for railroad purposes, danger from fire to buildings, fences, timber or crops upon the remainder, in so far as it depreciates the value of the property, may properly be considered. It is immaterial that the railroad company is made absolutely liable for all losses by fire which originate from the operation of the road, whether they result from negligence or otherwise."

In support of that doctrine, various authorities are cited to us, and counsel for defendant in error concede that the rule thus stated is the proper and true rule to be applied in Ohio; but at the same time they insist that there is nothing in these instructions that are obnoxious to that rule; that what is intended by the rule stated by the trial judge, is not that the jury may not consider the diminution in value, of the land, or of the improvements that constitute a part of the land, but that they are not to take into consideration crops upon the land or that may be raised upon the land, or other property that may be put upon the land, that may be destroyed by fire, in such manner as to add the value or a part of the value of such property to the amount to be returned as damages.

If the charge had clearly stated the proposition which they say it was intended to state, we think no fault could be found with it; but we are of the opinion that it is not clearly nor fairly open to that construction; that under all the circumstances of the case, it probably did not receive that construction at the hands of a jury. The court starts out by calling the attention of the jury to the law of Ohio which provides that a railroad company must pay to a person whose property is destroyed by fire caused by the operation of a railroad the damages thereby sustained; then follows up this instruction with the remainder of the paragraph quoted, which it seems to us must have been understood by the jury as intended to mean and as meaning that because this remedy was given therefor they were not to

take into consideration at all the damage resulting; that is, the diminution of the value of the land in consequence of the danger of damages resulting to the premises by fire communicated from the railroad. I will read again that portion of his charge:

* * * "and in determining whether or not the remainder of the lands are rendered less valuable by the construction and operation of the proposed railroad, the jury have no right to include as an element, the value of any property liable to be destroyed by fire by the operation of the railroad."

To be sure the court does not say that they are not to include as an element the diminution in value of the remainder in consequence of the liability to destruction of the property upon the premises, but it seems to us that it must have been so understood by the jury; that if it does not state that proposition distinctly it is fairly open to that construction, and is so misleading under all the circumstances that it should be held to be erroneous. The jury are told that they are not to include as an element any property liable to be destroyed by fire. That is very broad. That would include not only crops, but buildings, permanent structures upon the premises; those upon the premises at the time or that might afterward be put upon the premises by the proprietor for their proper improvement. If the land was suitable, for instance, to be used as town lots, to be improved as town property, it would amount to saying that the jury have no right to include as an element the reduced value of the buildings and structures then upon the premises, or that may be put upon the premises due to their liability to destruction by fire by the operation of a railroad.

Entertaining this view of what the language here means or what it must have been understood by the jury to mean, we hold that the giving of this charge was error, and that it was material and prejudicial error, and on this ground the judgment of the probate court, and the judgment of affirmance of the court of common pleas, will be reversed, and the cause will be remanded for retrial.

*Birchard A. Hayes,* for plaintiffs in error.

*J. O. Troup, F. A. Baldwin* and *King & Tracy,* for defendant in error.